UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BAYSHORE COMMUNITY HOSPITAL, et al.,)
                                    )
    Plaintiffs,                     )
                                    )
        v.                          )   Case No. 16-cv-2353 (APM)
                                    )
ERIC D. HARGAN,[1]                  )
                                    )
    Defendant.                      )
_____ )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Bayshore Community Hospital, Ocean Medical Center, Riverview Medical Center, Southern Ocean Medical Center, and Jersey Shore University Medical Center appeal the decision of the United States Department of Health and Human Services' Provider Reimbursement Board to deny "expedited judicial review" of their procedural and substantive challenges under the Administrative Procedure Act to federal regulations regarding "outlier" Medicare reimbursements. Defendant Eric D. Hargan, Acting Secretary of the Department of Health and Human Services, asks the court to remand this matter to the Board for further proceedings consistent with this court's opinion in *Banner Heart Hospital v. Burwell*, 201 F. Supp. 3d 131 (D.D.C. 2016). In that opinion, the court held that applying a procedural regulation known as the "self-disallowance regulation" to deny expedited judicial review ran afoul of the Supreme Court's decision in *Bethesda Hospital Association v. Bowen*, 485 U.S. 399 (1988). When the Board made its decision in this case, it acknowledged but explicitly declined to follow *Banner Heart* and, instead, relied on the self-

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court replaces Defendant Norris Cochran with Defendant Eric. D. Hargan, who now serves as Acting Secretary of the United States Department of Health and Human Services. FED. R. CIV. P. 25(d).

disallowance regulation to deny Plaintiffs expedited judicial review. In an opposition and cross-motion for judgment on the pleadings, Plaintiffs argue that the court should not only deny Defendant's Motion, but also vacate in full the self-disallowance regulation and allow them leave to amend their Complaint to plead Administrative Procedure Act challenges to the outlier regulations.

For the reasons herein, the court denies Defendant's Motion for Voluntary Remand and Plaintiffs' Cross-Motion for Judgment on the Pleadings.

I

The federal Medicare program allows participating hospitals and other service providers to seek reimbursement for the cost of medical services they deliver to eligible patients. The Centers for Medicare and Medicaid Services ("CMS") is an agency housed within the United States Department of Health and Human Services ("HHS") that oversees the program.

Medicare reimbursements are based on a prospectively determined formula, with additional payments available under certain circumstances. Federal law specifically provides for additional payments, known as "outlier payments," when a patient's medical care is either particularly costly or lengthy. *See* 42 U.S.C. § 1395ww(d)(5)(A); *Banner Health v. Price*, 867 F.3d 1323, 1329 (D.C. Cir. 2017) (per curiam); Pls.' Opp'n to Def.'s Mot. & Cross-Mot. for J. on Pleadings, ECF No. 13 [hereinafter Pls.' Opp'n], Ex. A, ECF No. 13-1 [hereinafter Bd. Decision], at 2. HHS finances outlier payments by reducing the standard reimbursement payments made to acute care hospitals and limiting reimbursement to those amounts that exceed a "fixed-loss threshold," which is set annually. *See* 42 U.S.C. § 1395ww(d)(3)(B), (5)(A); *Banner Health*, 867

F.3d at 1329. Federal regulations further limit which providers qualify for outlier payments. *See Banner Health*, 867 F.3d at 1330; 42 C.F.R. §§ 412.80–86, 412.80(c).

The reimbursement process occurs in two stages, with an opportunity for administrative review and federal judicial review of an adverse determination. CMS makes reimbursements to participating providers through "fiscal intermediaries," which are often private insurance companies. The reimbursement process begins when a participating provider submits an annual cost report to the fiscal intermediary, which then audits the report, determines the amount owed to the provider for the year, and reimburses the provider. A provider has a statutory right to a hearing before the Provider Reimbursement Review Board if (1) it is "dissatisfied" with the fiscal intermediary's determination of the reimbursement amount or the Secretary's determination of the outlier payment amount; (2) the amount in controversy is at least $10,000; and (3) the provider files a request for a hearing within 180 days of receiving the fiscal intermediary's determination. 42 U.S.C. § 1395oo(a)(1). The Board can "affirm, modify, or reverse" the fiscal intermediary's decision regarding the cost report, as well as make any other revisions to matters covered by the cost report. *Id.* § 1395oo(d). Providers may seek review of the Board's determination by filing suit in federal court within 60 days of receiving the Board's decision. *Id.* § 1395oo(f)(1). In certain circumstances, "expedited judicial review"—sending the matter directly to a federal district court before the Board renders a decision—is appropriate. The Board "must grant" expedited judicial review if it has jurisdiction to conduct a hearing but lacks authority to decide the legal question the provider raised. 42 C.F.R. § 405.1842(f)(1). The Board lacks authority to rule on challenges

to the constitutionality of a statute or the procedural or substantive validity of a regulation. *See id.* § 405.1842(f)(1)(ii).

Plaintiffs, five acute care hospitals, believe they did not receive the full amount of outlier payments to which they were entitled for fiscal years 2008, 2009, and 2012, and filed an appeal to the Board. Their appeal challenged the amount of outlier payments they received on the ground that the federal regulations governing those payments are substantially and procedurally invalid, in violation of the Administrative Procedure Act ("APA"). *See* Bd. Decision at 1. Plaintiffs sought expedited judicial review of that APA challenge. *See id.* The Board concluded that it lacked jurisdiction over the appeal because Plaintiffs did not have a right to a hearing before the Board and dismissed the case. *See id.* at 4.

The Board explained that Plaintiffs did not have a right to a hearing because they had not complied with the "self-disallowance regulation." The self-disallowance regulation, which was in effect for fiscal years 2008, 2009, and 2012, deprives a provider of its right to a hearing before the Board if the provider did not report to the fiscal intermediary a cost that it believed should be reimbursable, but which it knew was barred by Medicare regulations.[2] *See* 42 C.F.R. § 405.1835(a)(1)(ii) (effective August 21, 2008, through September 30, 2014); 42 C.F.R. § 405.1835(a)(1)(ii) (effective October 1, 2014, through December 31, 2015). Plaintiffs did not present to their fiscal intermediaries for reimbursement amounts they believed would be withheld by operation of the challenged outlier regulations. In other words, they did not comply with the

---

[2] Section 405.1835 of Title 42 of the Code of Federal Regulations no longer contains a self-disallowance requirement. Instead, effective January 1, 2016, the regulation only requires that "[i]f the provider self-disallows a specific item" in its cost report, then the provider must explain the nature and amount of the self-disallowed item, the amount of reimbursement sought, "and why the provider self-disallowed the item instead of claiming reimbursement for the item." 42 C.F.R. § 405.1835(b)(2)(iii) (2016); *see also id.* § 405.1835(d)(2)(iii) (including the same language with respect to the required content of a request for a Board hearing based on an untimely contractor determination). Neither party makes any argument that the Board was bound to follow the current version of the regulation when issuing its decision in this matter. Accordingly, that issue is not before the court, and the court assumes that the Board applied the proper version of the regulation when making its ruling.

self-disallowance regulation before filing their appeal before the Board. *See* Bd. Decision at 5. The Board recognized this court's decision in *Banner Heart Hospital v. Burwell*, which held that controlling Supreme Court precedent prevented the Board from applying the self-disallowance regulation to a group of health care providers who brought a legal challenge to a regulation and that the Board retained jurisdiction over their challenge for the purpose of determining whether expedited judicial review is proper. *See id.* at 5–6 (citing and discussing 201 F. Supp. 3d 131, 142 (D.D.C. 2016)). Although Plaintiffs are also a group of health care providers who bring a legal challenge to a regulation, the Board concluded it remained bound to apply the self-disallowance regulation because the Secretary had neither removed the regulation from the Code of Federal Regulations nor acquiesced to the court's decision in *Banner Heart*. *See id.* at 6 (citing 42 C.F.R. § 405.1867). Reviewing the procedural history of the matter before it and treating the self-disallowance regulation as valid, the Board determined it lacked jurisdiction to review Plaintiffs' appeal because Plaintiffs had not complied with the self-disallowance regulation. *See id.* Accordingly, the Board denied expedited judicial review and dismissed Plaintiffs' appeal.

Plaintiffs now appeal the Board's denial of expedited judicial review to this court. Defendant responded with a Motion for Voluntary Remand, in which he requests that the court remand this matter to the Board for further proceedings consistent with *Banner Heart*, the application of which he "consent[s]" to in this case. Def.'s Mot. for Voluntary Remand, ECF No. 10 [hereinafter Def.'s Mot.], at 3. In other words, Defendant seeks a remand so the Board can grant Plaintiffs the expedited judicial review that the Board previously denied. Plaintiffs filed an Opposition to Defendant's Motion and Cross-Motion for Judgment on the Pleadings, in which they contend that remand would be frivolous and cause unnecessary delay because they are entitled to expedited judicial review and, once granted, this matter will bounce back to this court for

5

consideration of their APA challenges to the outlier regulations. *See* Pls.' Opp'n at 3–9. Accordingly, Plaintiffs ask the court to avoid wasting judicial resources by denying Defendant's Motion, vacating or permanently enjoining the self-disallowance regulation, and allowing Plaintiffs to amend their Complaint so the court may reach their APA challenges to the outlier regulations. *See id.*; *see also* Compl., ECF No. 1 [hereinafter Compl.], at 19.

The court begins with Defendant's Motion for Voluntary Remand before turning to Plaintiffs' Cross-Motion for Judgment on the Pleadings.

II

Defendant argues that remand is warranted because he consents to the only remedy the court has to offer Plaintiffs at this stage—a finding that the Board should have applied *Banner Heart* when determining whether expedited judicial review of Plaintiffs' case was warranted. Defendant asserts that the best result Plaintiffs could hope for here is that the court will determine the Board erred by applying the self-disallowance regulation to Plaintiffs and, as in *Banner Heart*, remand the case for further proceedings. *See* Def.'s Mot. at 5–6 (citing 201 F. Supp. 3d at 143). Although Defendant states that he continues to disagree with the court's decision in *Banner Heart*, he "does not wish to re-litigate those issues at this time, and thus . . . will consent to entry of the same relief this Court ordered in that case." *Id.* at 3. Consequently, by being willing "to acquiesce in the *Banner Heart* holding for purposes of this case," Defendant reasons, remand is the appropriate—and only—remedy here, as there is nothing left for the court to offer Plaintiffs. *Id.* at 4.

A few considerations guide the court's review of a motion for voluntary remand. As a general matter, the district court has broad discretion in considering whether to grant an agency's motion for voluntary remand. *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 381 (D.C. Cir.

2017). For remand to be appropriate, however, a threshold condition must always be met: the agency must express its intention to take further action on remand with respect to its original decision. *Id.* at 386. Though the agency need not confess error, it must "at least . . . profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Id.* at 387. If the agency meets that threshold, then courts generally prefer to permit the agency to correct its own errors rather than offer a judicial opinion on the matter. *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *Sierra Club v. Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008). Courts have found voluntary remand to be appropriate when new evidence comes to light after the agency made its decision, intervening events beyond the agency's control arise after the agency has acted and could affect the validity of the agency's decision, or other "substantial and legitimate concerns" warrant a remand. *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001); *Ethyl Corp.*, 989 F.2d at 523; *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010); *Sierra Club*, 560 F. Supp. 2d at 23). A court need not, however, grant a motion for remand that is frivolous or made in bad faith. *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012); *SKF USA Inc.*, 254 F.3d at 1029; *Sierra Club*, 560 F. Supp. 2d at 23; *cf. Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1998). To properly oppose an agency's motion for voluntary remand, the nonmoving party must clearly articulate countervailing reasons why it will be "unduly prejudiced" by the remand. *See FBME Bank Ltd.*, 142 F. Supp. 3d at 73 (quoting *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004)).

The court finds that remand is inappropriate in this case. First, although Defendant has asserted that the Board will modify its original decision by applying *Banner Heart* to this case,

Defendant has not provided any "substantial and legitimate" reason warranting remand and, indeed, the course of conduct here leaves the court questioning whether the agency has acted in good faith. Second, Plaintiff has clearly articulated that remand would cause it undue prejudice because returning the case for further proceedings before the Board will cause extensive delay. Third, the court concludes that remand is futile because the law unambiguously requires the Board to grant expedited judicial review.

A

The court finds Defendant's procedural choices in and related to this case to be puzzling. Though Defendant presently contends that he disagrees with the court's ruling in *Banner Heart*, he never filed a motion for reconsideration with the court in that case and voluntarily dismissed his appeal of that decision one week after filing it. *See* Order, *Banner Heart*, 201 F. Supp. 3d 131, ECF No. 49. Two weeks after Defendant voluntarily dismissed his appeal in *Banner Heart*, the Board denied expedited judicial review in the present case, explicitly acknowledging but declining to apply *Banner Heart*'s reasoning to Plaintiffs' appeal. Now that Plaintiffs have appealed the Board's decision for this court to review, Defendant seeks voluntary remand, agreeing to apply *Banner Heart* in this one instance. *See* Def.'s Mot. at 4. Defendant's declination to pursue an appeal or seek reconsideration of *Banner Heart*, coupled with the present request for voluntary remand, looks more like Defendant is giving these Plaintiffs the run-around, rather than applying the law in a fair and just manner.

The court might be less concerned with Defendant's approach if the Board had provided a reasonable explanation for why it did not apply *Banner Heart*'s reasoning to Plaintiffs' appeal or if Defendant did so now in his Motion, but the court is left wanting for further explanation on both fronts. The court plainly held in *Banner Heart* that "the Secretary's self-disallowance regulation,

as applied to Plaintiffs' specific regulatory challenge, conflicts with the plain text of section 1395oo. The Board therefore erred in ruling that it lacked jurisdiction to hear plaintiffs' challenge to the outlier regulations." 201 F. Supp. 3d at 142. Although the court stated that its ruling did not invalidate the self-disallowance regulation in its entirety, as the plaintiffs in that case had requested, the court made plain it was contrary to controlling law for the Board to apply the self-disallowance regulation "to providers who, like Plaintiffs, seek to assert a legal challenge to a regulation or policy that cannot be addressed by a fiscal intermediary." *Id.* at 143 n.4. The status of the parties to this lawsuit and the type of legal question at issue here appear to be indistinguishable from those before the court in *Banner Heart*. *Compare* 201 F. Supp. 3d at 133 (identifying the plaintiffs as non-profit organizations that own and operate acute care hospitals participating in the Medicare program and explaining that they brought, in relevant part, an APA challenge to the validity of the self-disallowance regulation and sought expedited judicial review of that challenge), *with* Compl. ¶ 15 (identifying Plaintiffs as five non-profit organizations that operate acute care hospitals participating in the Medicare program), *and* Bd. Decision at 1 (characterizing the question before the Board as an APA challenge to the validity of the regulations governing outlier payments, of which Plaintiffs seek expedited judicial review). The Board purposely decided not to apply the court's holding in *Banner Heart* when reviewing Plaintiffs' request for expedited judicial review, however, on the ground that *Banner Heart* did not invalidate the self-disallowance regulation as a whole and, therefore, the Board remained bound to apply that regulation. *See* Bd. Decision at 6. That rationale makes little sense. Plaintiffs clearly fall within the category of "providers who . . . seek to assert a legal challenge to a regulation or policy that cannot be addressed by a fiscal intermediary," as to whom the court held the self-disallowance regulation cannot apply. Yet, the Board made no attempt to distinguish Plaintiffs from the

plaintiffs in *Banner Heart* or explain why it disagreed with the court's decision. Defendant does not address those questions now. Instead, Defendant seeks remand on the ground that, "this case is in material respects similar to *Banner Heart*, and [the agency] wishes to acquiesce in the *Banner Heart* holding for purposes of this case." Def.'s Mot. at 4. Defendant offers nothing further, noting only that "the agency does not agree with the Court's decision in *Banner Heart*, [but] it does not intend to re-litigate that issue at this time." *Id.* at 5. Defendant points to no new evidence, intervening event, or other reason why remand is warranted. Consequently, the court is left with the unsettling sense that Defendant is schizophrenically applying *Banner Heart*, resulting in Plaintiffs having to expend considerable time and resources to challenge the Board's decision in this court.

In light of the foregoing, the court concludes Defendant has not put forward any "substantial and legitimate" reason justifying remand of this matter to the Board.

B

Plaintiffs have properly opposed Defendant's Motion by clearly articulating that remand will prejudice them in this case. Plaintiffs note that it is unclear how long it will take the Board to rule on their request for expedited judicial review. Pl.'s Opp'n at 8. In particular, they point to the fact that nearly eight months passed between when the court issued its decision in *Banner Heart* and when CMS actually vacated the Board's prior decision and remanded the case to the Board for further proceedings. *Id.* Plaintiffs fear that this case will be subjected to the same amount of time lost before the Board even reconsiders their request for expedited judicial review. Already, Plaintiffs have lost the months it has taken to litigate and resolve the voluntary remand request. Accordingly, the court finds that Plaintiffs have clearly opposed remand on the ground that it would result in prejudicial delay in reaching the merits of their challenge to the outlier regulations. *See FBME Bank Ltd.*, 142 F. Supp. 3d at 73.

10

C

The court further determines that remand is not warranted because the law unambiguously dictates the Board's only proper course of action on remand: grant expedited judicial review. Consequently, remanding this matter to the Board would be futile.

A petitioner has a right to expedited judicial review if the Board has jurisdiction to conduct a hearing but lacks authority to decide a specific legal question. 42 C.F.R. § 405.1842(a)(1), (f)(1); *see* 42 U.S.C. § 1395oo(f)(1). A petitioner need not "exhaust" his or her challenge to a cost report before a fiscal intermediary in order to vest the Board with jurisdiction to hold a hearing on that challenge. *See Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 406 (1988). The self-disallowance regulation can operate as an impermissible exhaustion requirement. *See Banner Heart*, 201 F. Supp. 3d at 142, 143 n.4. Additionally, the Board "must grant" expedited judicial review "if the legal question raised 'is a challenge either to the constitutionality of a provision of a statute, or to the substantive or procedural validity of a regulation,'" because the Board lacks authority to review those types of challenges. *Allina Health Servs. v. Burwell*, 863 F.3d 937, 942 (D.C. Cir. 2017) (quoting 42 C.F.R. § 405.1842(f)(1)).

The court has little trouble concluding that expedited judicial review is required in this case. Plaintiffs have a statutory right to a hearing before the Board because they dispute the fiscal intermediary's determination of the number and amount of outlier payments they received for fiscal years 2008, 2009, and 2012; the controversy exceeds $10,000; and they filed their request for a hearing within 180 days of receiving the fiscal intermediary's determination. *See* 42 U.S.C. § 1395oo(a)(1); Compl. ¶¶ 4, 41–42; Bd. Decision (attach.) (identifying the amount in controversy for each cost report at issue, the date of the final determination of each cost report, and the date each Plaintiff requested a hearing before the Board to review that cost report). Their complaint

regarding the amount and number of outlier payments they received rests on a broader challenge to the validity of the regulations governing those payments. *See* Bd. Decision at 1; Compl. ¶¶ 10–11. Plaintiffs did not need to self-disallow prior to filing their appeal to the Board because they are providers who have asserted a legal challenge to a regulation, which a fiscal intermediary cannot address. *See Bethesda Hosp. Ass'n*, 485 U.S. at 406 (explaining that "[n]either the fiscal intermediary nor the Board has the authority to declare regulations invalid"). As such, the Board had jurisdiction over Plaintiffs' appeal. *See id.*; *see also Banner Heart*, 201 F. Supp. 3d at 142, 143 n.4; *contra* Bd. Decision at 4. It did not, however, have authority to review Plaintiffs' legal challenge. *See Allina Health Servs.*, 863 F.3d at 942. Instead, the Board was required to grant expedited judicial review because Plaintiffs raised a legal question that contests the substantive and procedural validity of the outlier regulations. *See Bethesda Hosp. Ass'n*, 485 U.S. at 406; *Allina Health Servs.*, 863 F.3d at 942; 42 C.F.R. § 405.1842(f)(1).

Remanding this matter to the Board would be futile. When the law is so clear as to dictate the outcome of the agency's proceeding on remand, the court need not put the parties through the formality of a remand to the agency. *See Berge v. United States*, 949 F. Supp. 2d 36, 42–43 (D.D.C. 2013). In this circumstance, the best course is for the court to simply apply the obvious result. *See, e.g.*, *Am. Fed'n of Gov't Emps., AFL-CIO v. Fed. Labor Relations Auth.*, 778 F.2d 850, 862 n.19 (D.C. Cir. 1985); *Donovan ex rel. Anderson v. Stafford Constr. Co.*, 732 F.2d 954, 961 (D.C. Cir. 1984). Here, the record and the applicable law make plain that the Board would have no discretion on remand in deciding whether to grant expedited judicial review in this case; the regulations governing the Board and this Circuit's binding precedent mandate that it do so. *See Bethesda Hosp. Ass'n*, 485 U.S. at 406; *Allina Health Servs.*, 863 F.3d at 942; 42 C.F.R. § 405.1842(f)(1). As such, sending the case back to the Board on remand would only destine it to

return to this court—at some unknown future date. There is no need to expend the Board and litigants' time with such an empty formality.

Defendant correctly points out that retaining jurisdiction over this case leads the court to a different result than it reached in *Banner Heart*, but those disparate results are both appropriate and easily explained. In *Banner Heart*, after determining that the Board had jurisdiction over the plaintiffs' appeal, the court remanded the case to allow the Board to determine in the first instance whether granting expedited judicial review was warranted. In the interim between when the court's decision in *Banner Heart* and the court's opinion today, the D.C. Circuit decided *Allina Health Services*, in which the Circuit clarified that the Board lacks authority to act and, accordingly, "*must grant* expedited judicial review[,] if the legal question raised is a challenge either to the constitutionality of a provision of a statute[] or to the substantive or procedural validity of a regulation." 863 F.3d at 942 (emphasis added) (internal quotation marks omitted). Consequently, there is no longer any doubt that the Board lacks authority to review a legal challenge to agency regulations and, when presented with such a challenge, must grant expedited judicial review.

Therefore, remanding this matter to the Board for further proceedings is futile.

\*   \*   \*

In sum, the court concludes that remand is not warranted in this case. Defendant has not advanced any "substantial and legitimate" reason supporting remand; Plaintiffs have clearly articulated that they would be unduly prejudiced by a remand; and remand would be futile because the Board lacks discretion to deny Plaintiffs' request for expedited judicial review of their APA challenge to the outlier regulations.

Therefore, the court denies Defendant's Motion for Voluntary Remand.

III

Plaintiffs urge this court to take one step further and grant their motion under Rule 12(c) of the Federal Rules of Civil Procedure to invalidate the self-disallowance regulation in full. They submit that this is the proper course of action because the court already concluded in *Banner Heart* that the self-disallowance regulation is invalid as applied to regulatory challenges and the Board cannot be trusted to properly apply *Banner Heart* in either this case on remand or future cases. *See* Pl.'s Opp'n at 4–5.

A party may seek to resolve a case before trial by moving for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For pretrial judgment to be appropriate under Rule 12(c), the pleadings must be "closed," meaning, both a complaint and an answer have been filed. FED. R. CIV. P. 7(a), 12(c); *Tapp v. Wash. Metro. Area Transit Auth.*, No. 15-768, 2016 WL 7441719, at *4 n.6 (D.D.C. 2016). If a defending party files a Rule 12(c) motion rather than an answer, then the court may treat the motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Jung v. Ass'n of Am. Med. Colls.*, 339 F. Supp. 2d 26, 35 (D.D.C. 2004). If the plaintiff files a Rule 12(c) motion before the defendant has filed a response to the complaint, however, then the motion is simply premature and should be denied. *See Black v. LaHood*, 882 F. Supp. 2d 98, 107 (D.D.C. 2012).

Plaintiffs' fears are understandable, but their Cross-Motion is in the wrong procedural posture. The court already has concluded that remand is not warranted, which means Plaintiffs need not be concerned about the Board's course of conduct on remand. *See supra* Section II. And, Plaintiffs' generalized worry about the Board's future action in other cases does not give the court power to act in this case. *Cf. Wy. Outdoor Council v. Dombeck*, 148 F. Supp. 2d 1, 9–10 (D.D.C. 2001). Separately, a ruling on Plaintiffs' Cross-Motion would be premature. The pleadings in this matter are not "closed" because Defendant has not filed an Answer to Plaintiffs' Complaint. *See*

FED. R. CIV. P. 12(c); *Tapp*, 2016 WL 7441719, at *4 & n.6. Consequently, Plaintiffs' Cross-Motion is not ripe for review. *See Black*, 882 F. Supp. 2d at 107.

Therefore, the court denies Plaintiffs' Cross-Motion for Judgment on the Pleadings.

IV

For all the reasons stated herein, the court concludes that neither remand nor an entry of judgment on the pleadings is warranted.

The court retains jurisdiction over this case, but is unable to grant any relief on the Complaint with this matter in its present posture. Although Plaintiffs' Complaint asks the court to invalidate the self-disallowance regulation as applied to them and all similarly situated plaintiffs, as well as allow them leave to file their substantive claims concerning the validity of the outlier regulations, *see* Compl. at 19, there is no motion before the court that would allow it to grant such relief. Before the court can grant any relief on Plaintiffs' Complaint, the court must have before it Defendant's Answer and a proper motion for judgment on the pleadings that seeks such relief. *See* FED. R. CIV. P. 7(a), 12(c).

The court offers the following thoughts for the parties' consideration in order to move these proceedings forward efficiently. In light of the reasons stated in this Memorandum Opinion and Order, once presented with an appropriate motion, the court is prepared to hold that Plaintiffs' appeal is properly before the court and that Plaintiffs may amend the Complaint to add their substantive claims concerning the outlier regulations. In other words, the court is prepared to grant Plaintiffs' relief on their Complaint insofar as Plaintiffs seek an affirmative judicial finding that the self-disallowance regulation does not bar their lawsuit and that leave to amend their Complaint is proper. *See Banner Heart*, 201 F. Supp. 3d at 142; Compl. at 19. On the present record, however, even if Plaintiffs file a proper motion, the court is not prepared to rule on the broader

legal question of whether the self-disallowance regulation is invalid as applied to all "providers who, like Plaintiffs, seek to assert a legal challenge to a regulation or policy that cannot be addressed by a fiscal intermediary." *See Banner Heart*, 201 F. Supp. 3d at 143 n.4; Compl. at 19. If Plaintiffs still seek such greater relief, then the court will need further briefing from the parties on that issue.

A simple stipulation would save substantial time and effort in this matter. The court commends to Defendant that it stipulate to the lesser relief the court is prepared to grant—namely, for the reasons already stated, that Plaintiffs' appeal is jurisdictionally proper and Plaintiffs may amend their Complaint to advance their substantive challenges. That stipulation would allow the parties to avoid an unnecessary round of briefing. If Plaintiffs' Amended Complaint asks the court to invalidate not only the outlier regulations but also the self-disallowance rule as applied to all those similarly situated to them, then the parties can provide briefing on both issues on cross-motions for summary judgment.

The court will hold a status hearing on November 7, 2017, at 10:30 a.m., to address further proceedings in this matter.

Dated: October 25, 2017

Amit P. Mehta
United States District Judge