UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| BAYSHORE COMMUNITY HOSPITAL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-02353 (APM) |
| ALEX M. AZAR II,[1] | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

I.

This matter is before the court in an unusual posture. Strictly speaking, the court has before it the parties' cross-motions for summary judgment and a suggestion of mootness filed by Defendant Secretary of Health and Human Services. But it is not the merits of Plaintiffs' claims that are at issue in these motions; rather, what the parties vigorously contest is the proper remedy to afford these Plaintiffs.

Plaintiffs are five acute care hospitals who brought this action to seek review of a determination by the U.S. Department of Health and Human Services' Provider Reimbursement Review Board that it lacked jurisdiction to hear Plaintiffs' appeal. Plaintiffs' appeal to the Board challenged the amount of "outlier" payments Plaintiffs received in fiscal years 2008, 2009, and 2012 on the ground that the federal Medicare regulations governing those payments violated the Administrative Procedure Act ("APA") and, as relevant here, requested that the Board grant

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes the current Secretary of Health and Human Services as the defendant in this case.

"expedited judicial review" of Plaintiffs' APA challenge.[2] The Board denied Plaintiffs' request for expedited judicial review, however, under what is known as the "self-disallowance" regulation.[3] It is this decision by the Board that forms the basis for Plaintiffs' lawsuit, at least in its current form. Plaintiffs' challenge to the outlier regulations is not presently before the court.

Defendant does not seek to defend the Board's determination that it lacked jurisdiction to grant Plaintiffs' request for expedited judicial review. Instead, he asks the court—for a second time—to remand this matter to the Board so that it can confirm its jurisdiction and grant these Plaintiffs the expedited judicial review finding that the Board previously withheld. Plaintiffs, on the other hand, do not want a remand. They ask for greater relief. They want the court to *vacate* the self-disallowance regulation that the Board relied upon to deny them expedited judicial review. Such relief is warranted, they say, following this court's decision in *Banner Heart Hospital v. Burwell*, 201 F. Supp. 3d 131 (D.D.C. 2016), in which the court held that applying the self-disallowance regulation to dissatisfied providers, like these Plaintiffs, who assert a legal challenge to an agency regulation or policy that cannot be addressed by a fiscal intermediary is contrary to the Medicare statute. After the regulation is vacated, Plaintiffs maintain, the court could retain

---

[2] *See generally* 42 U.S.C. § 1395*oo*(f)(1); 42 C.F.R. § 405.1842(f)(1) (requiring the Board to grant expedited judicial review if it has jurisdiction to conduct a hearing on a legal question relevant to a specific matter at issue on appeal, but lacks the authority to decide that question "because the legal question is a challenge either to the constitutionality of a provision of a statute, or to the substantive or procedural validity of a regulation or CMS Ruling"); *id.* § 405.1842(g)(2) ("If the Board grants [expedited judicial review], the provider may file a complaint in a Federal district court in order to obtain [expedited judicial review] of the legal question.").

[3] "The self-disallowance regulation, which was in effect for fiscal years 2008, 2009, and 2012, deprives a provider of its right to a hearing before the Board if the provider did not report to the fiscal intermediary a cost that it believed should be reimbursable, but which it knew was barred by Medicare regulations." *Bayshore Cmty. Hosp. v. Hargan*, 285 F. Supp. 3d 9, 14 (D.D.C. 2017) (citing 42 C.F.R. § 408.1835(a)(1)(ii) (effective August 21, 2008, through September 30, 2014); and 42 C.F.R. § 405.1835(a)(1)(ii) (effective October 1, 2014, through December 31, 2015)). In this case, "Plaintiffs did not present to their fiscal intermediaries for reimbursement amounts they believed would be withheld by operation of the challenged outlier regulations. In other words, they did not comply with the self-disallowance regulation before filing their appeal to the Board." *Id.*

jurisdiction, freeing Plaintiffs to amend their Complaint to challenge the outlier regulation on the merits.

The court previously rejected Defendant's request for a remand. *See generally Bayshore Cmty. Hosp. v. Hargan*, 285 F. Supp. 3d 9 (D.D.C. 2017).[4] The court ruled that a remand was inappropriate because (1) Defendant had not offered a "substantial and legitimate" reason warranting remand; (2) a remand would prejudice Plaintiffs by causing extensive delay; and (3) remand would be futile, as the law unambiguously requires the Board to grant expedited judicial review. *See id.* at 16. The landscape has changed, however, since the court's ruling.

Three things have occurred. First, in his motion for summary judgment and remand, Defendant has offered a more fulsome explanation for why the Board did not apply *Banner Heart* to Plaintiffs' appeal in the first instance. Defendant explains that the Board had no choice but to apply the self-disallowance regulation to Plaintiffs' appeal, notwithstanding the court's decision in *Banner Heart*, because "the Board is constrained by the agency's existing regulations, which it lacks the power to overrule." Def.'s Cross-Mot. for Summ. J. & Remand, ECF No. 29 [hereinafter Def.'s Mot.], at 19 (citing 42 C.F.R. § 405.1867).[5] In other words, the Board was not at liberty to apply *Banner Heart* even if it wanted to do so. In denying Defendant's first motion for remand, the court did not appreciate this limitation on the Board's authority. *Cf. Bayshore Cmty. Hosp.*, 285 F. Supp. 3d at 16–17.

Second, on April 23, 2018, the Centers for Medicare and Medicaid Services ("CMS") issued a ruling formally acquiescing in the court's decision in *Banner Heart*. *See* Notice of Suppl.

---

[4] For a detailed recitation of the factual and procedural history of this matter, see *Bayshore Cmty. Hosp.*, 285 F. Supp. 3d at 13–14.

[5] As Defendant filed his motion and memorandum in support in a single record, the court uses the page numbers electronically generated by CM/ECF when citing to that pleading.

Authority, ECF No. 33, Ex. 1, ECF No. 33-1 [hereinafter CMS Ruling No. 1727-R]. The ruling "states the policy of [CMS] concerning [its] decision to follow the U.S. District Court for the District of Columbia's holding in [*Banner Heart*] for appeals of cost reporting periods that ended on or after December 31, 2008[,] and began before January 12, 2016[,] that were pending or filed on or after April 23, 2018." *Id.* at 1–2.[6] In practical terms, the new CMS ruling means that the Board, generally speaking, now has jurisdiction to grant expedited judicial review to providers who, like Plaintiffs, did not follow the self-disallowance regulation by including a challenged item on a cost report "due to a good faith belief that the [challenged] item was subject to a payment regulation or other policy" as to which the fiscal intermediary had "no authority or discretion to make payment in the manner . . . sought." *Id.* at 2. Plaintiffs candidly acknowledge that CMS' acquiescence to *Banner Heart* negates at least one form of relief that they originally sought: an injunction prohibiting the Board from applying the self-disallowance regulation to similarly situated providers in the future. *See* Pls.' Resp. to Def.'s Suggestion of Mootness, ECF No. 37 [hereinafter Pls.' Resp.], at 2 ("Although CMS Ruling 1727 does not moot the request for vacatur, it does effectively remove the need for injunctive relief barring prospective application of the offending portions of the self-disallowance regulation.").

Third, the D.C. Circuit recently decided *Billings Clinic v. Azar*, No. 17-5006, 2018 WL 3910505 (D.C. Cir. Aug. 10, 2018). In that case, multiple hospitals brought suit to challenge the agency's methodology for calculating a particular component of their Medicare reimbursements. *See id.* at *1. The Board granted expedited judicial review to some hospitals, but declined to exercise jurisdiction as to others, concluding that it lacked jurisdiction to grant expedited review because those hospitals failed to comply with the self-disallowance regulation. *See id.* at *8–9.

---

[6] Citations to CMS Ruling No. 1727-R are to the page numbers electronically generated by CM/ECF.

With respect to the hospitals in the former category, the Circuit found that "the district court properly exercised jurisdiction over [their] claims." *Id.* at *9. With respect to the hospitals in the latter category, however, the Circuit observed that while the Secretary "ha[d] since disavowed the Board's procedural objection to [their] claims in that case, that [left] unanswered whether the district court could proceed without first remanding for either a final decision or certification for expedited review from the Board." *Id.* Ultimately, the Circuit did not need to untangle this "jurisdictional quandary," because some of the hospitals did have expedited-review certifications from the Board and because "only non-individualized injunctive relief [was] sought." *Id. Billings Clinic* has obvious relevance to this case. Although the Circuit passed on resolving the jurisdictional inquiry, it clearly telegraphed that jurisdictional complications might arise should a substantive challenge to an agency policy or regulation arrive on appeal without proper Board certification. *Cf. id.* It would be careless for this court not to heed the Circuit's warning.

In view of these events, and for the reasons that follow, the court reconsiders its denial of Defendant's initial motion for remand and finds that a remand to the Board, with instructions to follow *Banner Heart*, as Defendant has agreed to do, is the appropriate remedy in this case.

II.

Federal Rule of Civil Procedure 54(b) provides that "[a] court may revise its own interlocutory orders at 'any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Ofisi v. BNP Paribas, S.A.*, 285 F. Supp. 3d 240, 243 (D.D.C. 2018) (quoting Fed. R. Civ. P. 54(b)). Relief under Rule 54(b) is available "as justice requires," a standard that reflects the flexibility afforded courts under the rule. *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (internal quotation mark omitted). Reconsideration "may be warranted where the court has patently misunderstood the parties, made a decision beyond the adversarial issues

presented, made an error in failing to consider controlling decisions or data, or where a controlling or significant change in the law has occurred." *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 269 (D.D.C. 2012) (cleaned up). "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (alteration in original) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).

III.

With these principles in mind, the court turns to the factors that a court must evaluate in deciding whether to grant an agency's request for voluntary remand. "Courts have found voluntary remand to be appropriate when new evidence comes to light after the agency made its decision, intervening events beyond the agency's control arise after the agency has acted and could affect the validity of the agency's decision, or other 'substantial and legitimate concerns' warrant a remand." *Bayshore Cmty. Hosp.*, 285 F. Supp. 3d at 15 (quoting *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015)).

Substantial and legitimate concerns warrant a remand here. As noted, when the court first denied Defendant's request for voluntary remand, the court did not recognize that the Board's decision not to apply *Banner Heart* was appropriate. Accordingly, the concern that animated the court's initial decision—that "Defendant is giving these Plaintiffs the run-around, rather than applying the law in a fair and just manner"—is now alleviated. *See id.* at 16. If anything, the

Secretary's recent acquiescence to *Banner Heart* and issuance of a new CMS ruling demonstrates the agency's good faith.

Nor would remand be futile, as the court initially held. *See id.* at 18–19. It remains true that, upon remand, the Board would be constrained—both under binding precedent and this court's order to follow *Banner Heart*—to exercise jurisdiction and grant Plaintiffs expedited judicial review. *See Allina Health Servs. v. Price*, 863 F.3d 937, 942 (D.C. Cir. 2017) ("[T]he Board '*must* grant' expedited judicial review if the legal question raised 'is a challenge either to the constitutionality of a provision of a statute, or to the substantive or procedural validity of a regulation.'" (emphasis added) (quoting 42 C.F.R. § 405.1842(f)(1)); *see also Bayshore Cmty. Hosp.*, 285 F. Supp. 3d at 18 (explaining how logic of *Banner Heart* would operate on remand). The court, however, was mistaken when it found that remanding for that purpose would constitute an "empty formality." *Bayshore Cmty. Hosp.*, 285 F. Supp. 3d at 19. *Billings Clinic* plainly signals that a district court may in fact lack jurisdiction to hear a challenge to a policy or regulation if the provider has not first secured a certification of expedited judicial review. *See* 2018 WL 3910505, at *8–9 (noting the "jurisdictional quandary" created by the district court's decision to exercise jurisdiction under 42 U.S.C. § 1395*oo*(f) after the district court concluded that the Board had jurisdiction to grant the plaintiffs expedited judicial review). A remand here would avoid creating a "jurisdictional quandary." *See id.* at *9. And, importantly, all indications are that if the Circuit were to resolve the "jurisdictional quandary," it would conclude that the absence of a certification from the Board would mean that the district court lacks jurisdiction to hear the case. As Defendant points out, *see* Def.'s Mot. at 27, the Circuit in *Allina Health Services* observed that the pertinent Medicare statute, 42 U.S.C. § 1395*oo*(f)(1), "*conditions* expedited judicial review in the district court on the existence of [the Board's] no-authority determination, *not* on whether that

7

determination is correct," *Allina Health Servs.*, 863 F.3d at 941 (first emphasis added). The Circuit's use of the word "condition" leaves little doubt about the jurisdictional significance of securing expedited judicial review from the Board.

To be certain, a remand will prejudice Plaintiffs, as even more time will pass before they receive judicial review of their underlying APA challenge to the validity of the outlier regulations. But that additional time is warranted. It will immunize Plaintiffs against jurisdictional challenges in this District Court—and before the Circuit—that would prove fatal to Plaintiffs' cause if successful. A remand for that purpose is time well spent. Moreover, the court, too, will benefit from returning this case to the Board. A remand will allow the case to "come before the court in a posture that facilitates review on the merits," thereby obviating the need for "judicial effort" on jurisdictional issues. *See Ryan v. Bentsen*, 12 F.3d 245, 249 (D.C. Cir. 1993). In other words, completing the administrative review process will facilitate more focused judicial review.

IV.

Notwithstanding the foregoing discussion, Plaintiffs express concern that a remand will still leave them jurisdictionally at sea. They point out that the temporal restrictions of CMS Ruling 1727 could create an obstacle to receiving Board certification. *See* Pls.' Resp. at 5 (noting that Defendant "expressly limited the applicability of CMS Ruling 1727 'only to administrative appeals pending on or after, or appeals initiated on or after, . . . April 23, 2018'" (alteration in original) (quoting CMS Ruling No. 1727-R at 5)). They also fear that regulations prohibiting the reopening of Board determinations to apply new rulings will prevent the Board from issuing an expedited-review certification in this case. *See id.* at 5–6; *see also* CMS Ruling No. 1727-R at 9 (stating that the ruling "is not an appropriate basis for the reopening . . . of any decision by the [Board] or other reviewing entity" under 42 C.F.R. § 405.1885(c)(1)–(2) and, therefore, that "reviewing entities

8

may not reopen any . . . decision with respect to the question of whether application of the self-disallowance jurisdictional requirement . . . is foreclosed by any provision" of the ruling). These concerns might be warranted if the court were to remand the case to the Board to apply CMS Ruling 1727. But that is not what the court intends to do. Rather, as Defendant has agreed, this matter will be remanded "for further proceedings consistent with this Court's August 19, 2016, Memorandum Opinion in *Banner Heart Hospital v. Burwell*, No. 14-cv-01195 (D.D.C.)." Def.'s Mot. for Voluntary Remand, ECF No. 10, Proposed Order, ECF No. 10-1; *see also* Def.'s Reply Mem. in Supp. of Suggestion of Mootness, ECF No. 38, at 5–6 ("Because the Board [will] already be bound by the Court's order requiring it to conduct further proceedings consistent with the *Banner Heart* decision, the applicability of CMS Ruling 1727 to the present case is irrelevant." (internal quotation marks omitted)). Therefore, just as the Board did on remand in *Banner Heart*, the Board here will be required to accept jurisdiction and grant expedited judicial review.

Plaintiffs also protest a remand because "the Board will remain bound to apply the self-disallowance regulation and/or CMS Ruling as written," as "it lacks any authority to do otherwise." *See* Pls.' Resp. at 6. Plaintiffs describe this result as creating as a "dilemma" for the Board. *Id.* But a remand presents no dilemma as to *these* Plaintiffs: the Board will grant their request for expedited judicial review. To the extent Plaintiffs' concern is for similarly situated providers, that worry is purely speculative and, in any event, is better resolved based on the factual circumstances of each individual case.

Finally, although Plaintiffs have pressed aggressively for vacatur as the proper remedy, such relief exceeds what is required to resolve the parties' dispute. For starters, as the court noted in *Banner Heart*, under Circuit precedent, remand—not vacatur—is the preferred remedy where, as here, the agency has committed a legal error. *See Banner Heart*, 201 F. Supp. 3d at 143; *see*

*also Ne. Hosp. Corp. v. Sebelius*, 699 F. Supp. 2d 81, 96 (D.D.C. 2010) ("[W]hen a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at its end: the case must be remanded to the agency for further action consistent with the correct legal standards." (quoting *Palisades Gen. Hosp., Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005)))). Moreover, the need for vacatur is diminished substantially by Defendant's acquiescence to *Banner Heart* and its issuance of CMS Ruling 1727. The self-disallowance regulation does not present the jurisdictional roadblock that it once did for those providers similarly situated to Plaintiffs. And, given Defendant's response to *Banner Heart*, vacatur at this point is only likely to create unnecessary administrative confusion. *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014) (stating that vacatur is improper when it "would lead to disruptive consequences"). Thus, vacatur is not an appropriate remedy in this case.

V.

For the foregoing reasons, the court reconsiders its October 25, 2017, decision denying Defendant's original motion for voluntary remand, ECF No. 10, *see* Mem. Op. & Order, ECF No. 21, and remands the case to the Board for further proceedings consistent with this opinion and with this court's August 19, 2016, Memorandum Opinion in *Banner Heart Hospital v. Burwell*, No. 14-cv-01195 (D.D.C.). Furthermore, the court dismisses the parties' cross-motions for summary judgment, ECF Nos. 28 and 29, as moot.

To mitigate the prejudice to Plaintiffs arising from this remand order, the court directs the Board to act on Plaintiffs' request for expedited judicial review within 30 days from this date.

Dated: September 6, 2018

Amit P. Mehta
United States District Judge